Antonia Flit de Vázquez, Plaintiff and Appellant, v. White Star Bus Line, Inc., Defendant and Appellee.

No. 7085. Argued July 8, 1935.—Decided December 6, 1935.

*Juan B. Soto* and *Juan F. Soto* for appellant. *F. Fernández Cuyar* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Antonia Flit de Vázquez brought suit against the White Star Bus Line to recover damages for injuries received by her in an accident. At the trial it was definitely shown that the plaintiff was a married woman and the court below decided that she had no cause of action by reason of the decisions of this court in *Vázquez* v. *Valdés et al.,* 28 P.R.R. 431; *Vázquez* v. *P. R. Ry., Lt. & P. Co.,* 35 P.R.R. 59; *Irizarry* v. *Díaz,* 35 P.R.R. 132, and *Dávila* v. *P. R. Ry., Light & P. Co.,* 44 P.R.R. 923, as this was a right of the community. The plaintiff appealed and we are presented with a motion to dismiss the appeal as frivolous.

We shall not attempt to cite all the reasoning of this court as embodied in the careful examination made by us in the first two decisions. The appellant's counsel insist that we are wrong and that foreign jurisdictions with codes similar to our own have taken a different position. Examining the reasoning of the commentators on the French Civil Code, M. Planiel and G. Ripert, *"Droit Civil,"* pp. 265–267, the fundamental reason for asking us to revise our jurisprudence is that the loss or detriment to one who has suffered an accident is totally personal. It may be said that the idea is that a person's body necessarily belongs to him and that any injury to it should also be considered personal, and hence, private property as distinguished from community property.

The appellant suggests that the compensation given is something like an exchange of property. Of course, there is nothing like the possibility of exchange in any real sense. Injuries to the body in very many cases can not be substituted

or restored. The law simply attempts to give a person compensation for the injuries suffered.

We concede the force of the arguments that the compensation for personal injuries should be considered as privative, but a similar argument might be made about earnings, or rents and profits from separate property. Not being anything but compensation, the money received must be held to be like anything else that arises in or flows in the common purse of the spouses.

To the effect that the decisions of this court are in opposition to some of the best foreign jurisprudence on community property, modestly enough we might also say that the reasoned opinions of a court persisted in for over thirteen or fourteen years, should also have some weight.

We have been assuming with the appellant that the French Civil Code is very similar to our own, but there are some apparent striking differences. Section 1301 of our Civil Code (1930 ed.) provides:

"To the conjugal partnership belong:

"1. Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only.

"2. That obtained by the industry, salaries, or work of the spouses or of either of them.

"3. The fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses."

The French Civil Code has a very similar provision. However, in Puerto Rico we have in force section 1299 as follows:

"The following is the separate property of the spouses: 1. That brought to the marriage as his or her own. 2. That acquired by either of them during the marriage by lucrative title, that is to say, by gift, legacy or descent. 3. That acquired by right of redemption or by exchange for other property belonging to one of the spouses

only. 4. That bought with money belonging exclusively to the wife or to the husband.''

and also section 1307 which reads thus:

''All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife.''

So far as we have been able to discover these two later quoted articles have no counterpart in the French Civil Code.

Under our Civil Code it is true that section 1301 does not distinctly say that compensation accruing by reason of injuries to the husband or wife shall be considered community property. If section 1299 be examined one may readily see that the property or chose in action under discussion is not defined as separate. If one should attempt to apply the maxim *expressio unius est exclusio alterius* one would encounter that the compensation here sought to be recovered is excluded from both definitions, in other words, that there is no distinct provision in the Civil Code which relegates the compensation in question either to the matrimonial society or to the individual himself. It would be a matter of *casus omissus*.

Under these circumstances, we think resort may be had to section 1307 which creates a presumption in favor of the community. We are quite agreed with the appellant that this is a presumption that ordinarily may be rebutted by proof to the contrary. We feel bound to hold, however, that as there is no provision of law distinctly giving this property to either entity, one who would attempt to overcome the presumption would encounter an unsurmountable obstacle. It cannot be disproved. Therefore, we incline strongly to the view that what is ordinarily a rebuttable presumption becomes in this case a conclusive one.

Of course, these principles were more or less reviewed by us in *Vázquez* v. *Valdés et al.* and *Vázquez* v. *P. R. Ry., L. & P. Co., supra.* In addition to this, the question came be-

fore the Circuit Court of Appeals and it held that in Puerto Rico, the right of action for an injury to the wife, received during marriage, is community property. (*Porto Rico Ry., Light & Power Co.* v. *Cognet,* 3 F. (2d) 21.)

Louisiana met the difficulty by distinctly providing that compensation for damages to a wife belonged to her or was part of her separate estate, indicating to a certain extent that the rule would be otherwise were it not for the statute.

One of the difficulties in Puerto Rico would be that if remuneration for damages would belong separately to the wife in case of an accident to her, a similar right would necessarily accrue to the husband suffering injuries. So that if a man were permanently disabled and recovered damages and shortly afterwards died, the wife would only have a usufruct in the capital so left by her husband.

Inasmuch as our previous decisions have been and remain the law of Puerto Rico, the appeal is frivolous and must be dismissed.